■ In the Matter of HYMAN KAHAN, Appellant, v. ROBERT C. WEAVER, as State Rent Administrator, Respondent.— In a proceeding by a landlord, pursuant to article 78 of the Civil Practice Act, to review a determination of the State Rent Administrator that a housing accommodation is not self-contained

and, therefore, is not subject to decontrol within the purview of subdivision 12 of section 9 of the State Rent and Eviction Regulations, the landlord appeals from an order of the Supreme Court, Kings County, dated November 24, 1959, which denies his petition and dismisses the proceeding. This proceeding involves a one-story frame bungalow which is one of two bungalows in the rear of two buildings facing West 22nd Street in Coney Island. It appears from the record that the four buildings are on one lot, that they are taxed as a single unit and that they always have been transferred as a single unit. The State Rent Administrator's determination denying decontrol of the accommodation was based on the evidence in its records and on an inspection report which stated, *inter alia,* that hot water was piped into the subject accommodation from another unit. This statement was denied by the landlord. By a prior order, dated November 13, 1957, the Justice at Special Term sustained the determination and denied the petition and dismissed the proceeding. The landlord appealed, and this court, on May 18, 1959, reversed the said order and remitted the proceeding to the Special Term for a statement showing the basis of its conclusion that the Administrator's determination was not arbitrary or capricious, and showing particularly the facts disclosed by the Justice's personal inspection of the premises, made on the consent of the parties (*Matter of Kahan* v. *Weaver,* 8 A D 2d 738). On remission, the Justice at Special Term made another personal inspection of the premises, and, after a hearing, adhered to his former decision on the basis of the following findings, among others, which he made: (1) that all of the electric meters for the seven units in the four buildings were located in one of the front buildings; (2) that there is a common passageway or alleyway for access to the rear buildings which is located at the side of one of the front buildings; and (3) that water, although heated in the subject accommodation, is piped into it from one water line containing one valve located in the street, in front of one of the front buildings. Order affirmed, with costs. In our opinion, the facts and circumstances warrant the finding that the subject housing accommodation constitutes part of a multiple dwelling, and justify the conclusion that the Administrator's determination in denying decontrol was not unreasonable, arbitrary or capricious. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.